### LOWY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 23, 1900.)

1. APPEAL— REVIEW—DISMISSAL OF COMPLAINT—PRESUMPTION.
   In reviewing a judgment dismissing a complaint for insufficiency of evidence, all evidence offered by plaintiff must be taken as true.
2. STREET RAILROADS—ACCIDENT AT CROSSING—EVIDENCE OF CONTRIBUTORY NEGLIGENCE.
   A truckman, seeing an electric car standing about 100 feet away, drove across the track in front of it, and was struck and injured by it. He had a lantern in front of his truck, throwing the light forward towards the horses. He did not see the car after he started to drive across the street. *Held*, that the question of his contributory negligence was for the jury.

Appeal from municipal court, borough of Manhattan, Tenth district.
Action by Simon Lowy against the Metropolitan Street-Railway Company. Judgment for defendant, and plaintiff appeals. Reversed.
Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Goldschmidt & Falk, for appellant.
Henry A. Robinson and Don R. Almy, for respondent.

PER CURIAM. This action was brought to recover damages for personal injuries said to have been caused by the negligence of the defendant. At the close of the plaintiff's case a motion was made to dismiss the complaint, which motion was granted on the ground that

there was not sufficient evidence to show that the plaintiff was free from negligence which contributed to the injury complained of. In reviewing this ruling the evidence offered by the plaintiff must be taken to be true, and all inferences of fact which may be reasonably drawn therefrom in favor of the plaintiff must be indulged in.

It appears that the plaintiff was a truckman, and just prior to the accident had business which took him to 8th avenue, between 119th and 120th streets. Having transacted his business, he and his helper got on the truck, and proceeded to drive across the avenue in a westerly direction. When he started he saw a car of the defendant on the north-bound track, near 119th street, and at a point about 100 feet away. At that time the car was not in motion. He immediately started his horses to go across the avenue, and had reached a point where the horses had cleared the north-bound track when the car came into collision with the truck, throwing him down, and causing the injuries complained of. He says that he did not see the car after he had started his horses across the track. It also appears that he had a lantern placed in the front of the truck in such a position as to throw the light forward in the direction of the horses. Whether this light was in such a position as to be visible to the motorman of the approaching car does not appear. We do not think that under such circumstances it can be held, as a matter of law, that there was no evidence from which it could properly be inferred that the plaintiff was free from contributory negligence. It cannot be said, considering the distance of the car at the time that the plaintiff started to cross, that it was not reasonable for him to expect to make the crossing in safety. Under such circumstances, it was for the jury, and not for the court, to determine the fact; and the trial justice therefore erred in dismissing the complaint, as he did, on the ground assigned for his action. It follows from what has been said that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.